Opinion filed April 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00025-CR

                                                    __________

 

                      COURTNEY
DESHAUN LAMBERT, Appellant

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 27th District Court

                                                              Bell
County, Texas

                                                      Trial
Court Cause No. 66832

 



 

M
E M O R A N D U M    O P I N I O N

Courtney
Deshaun Lambert pleaded guilty in June 2011 to the offense of deadly conduct, a
lesser included offense to the indicted offense of aggravated assault with a
deadly weapon.   The trial court deferred a finding of guilt and placed him on
deferred adjudication community supervision for a term of four years.  In September
2011, the State filed a motion to proceed with an adjudication of guilt, alleging
multiple violations of the terms and conditions of community supervision.  The
trial court heard the motion to proceed on November 1, 2011.  Appellant pleaded
“true” to all of the alleged violations except one that the State abandoned.  The
trial court found the remaining allegations to be true, adjudicated appellant
guilty of the offense of deadly conduct, and assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of seven years.  We dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel’s brief.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in Anders and Schulman, we have
independently re-viewed the record, and we agree that the appeal is without
merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  In this regard, a plea of true standing alone is sufficient to support a trial court’s
decision to revoke community supervision and proceed with an adjudication of
guilt.  See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of the Texas Court of Criminal
Appeals seeking review by that court.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex.
R. App. P. 68.

 The
motion to withdraw is granted, and the appeal is dismissed.  

 

                                                                                                            PER
CURIAM

April 26, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief.